**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALONZO VASQUEZ, on behalf of herself and all others similarly situated,<br><br>             Plaintiffs,<br><br>      -against-<br><br>PROFESSIONAL DEBT MEDIATION, INC. | Civil Case Number:<br><br>**CIVIL  ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff  ALONZO VASQUEZ (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through her attorneys, Sirotkin Varacalli & Hamra, LLP, against Defendants PROFESSIONAL DEBT MEDIATION, INC. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. §  1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly

1

referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5.  Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6.  Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7.  Defendant is a collection agency with its principal place of business located in Florida.

8.  Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.  Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

10. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class"):

- All New York consumers who received a collection letter from the Defendant attempting to collect an obligation owed to or allegedly owed A CREDITOR, that contain the alleged violation arising from Defendant's violation of 15    U.S.C. §1692e, *et seq*.

- The Class period begins one year to the filing of this Action.

11. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the

2

undersigned attorney has,   in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

  a.   Whether Defendant violated various provisions of the FDCPA;

  b.   Whether Plaintiff and the Class have been injured by Defendant's conduct;

  c.   Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d.   Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding  declaratory relief with respect to the Class as a whole.

### <u>ALLEGATIONS PARTICULAR TO ALONZO VASQUEZ</u>

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if the same were set forth at length herein.

13. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

14. Upon information and belief, within the last year Defendant commenced efforts to collect an alleged consumer "debt" as defined by 15 U.S.C. 1692a(5), when it mailed a Collection Letter to Plaintiff seeking to collect an unpaid debt allegedly owing to Village Allapattah I.

15. On or around October 25, 2016 Defendant sent Plaintiff a collection letter.  *See* **Exhibit A.**

16. The letter was sent or caused to be sent by persons employed by Defendant as a "debt

4

collector" as defined by 15 U.S.C. §1692a(6).

17. The letter is a "communication" as defined by 15 U.S.C. §1692a(2).

18. Said letter also stated in pertinent part:

> "Creditor: Village Allapattah I 2370 Nw 17th Ave Maimi, FL 33142
>
> Account NO. *****0006
>
> Amount Due: $ 708.00

19. The said letter attached a statement of written confirmation of the debt.

20. The initial charge on the attached confirmation of debt is 'Liquidated Damages- Vasquez: $733.00." **EXHIBIT A.**

21. Attached Herein as **Exhibit B** is an addendum to the Lease in which it is agreed upon that there will not be any liquidated damages.

22. Plaintiff resides in New York City.

23. Defendant mailed the collection letter attached as **EXHIBIT A,** to Plaintiff in NYC.

24. Nowhere on the letter does it state Defendants New York City Department of Consumer Affairs License Number.

25. Defendant does not have a New York City Department of Consumer Affairs License Number.

26. Defendant is not authorized to collect any debt in NYC.

27. As a result of the following Counts Defendant violated the FDCPA.


**FIRST COUNT**
**Violation of 15 U.S.C. §§ 1692e, 1692f**
**The Charging of Unlawful Fees**

28. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs number "1" through "27" herein with the same force and effect as if the same were set forth at length herein.

5

29. 15 U.S.C. § 1692f prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

30. Defendant's "Liquidated Damages" fee demand is in violation of 15 U.S.C. § 1692e(1) charging an amount not authorized by the agreement creating the debt.

31. Defendant's "Liquidated Damages" additional fee demand is in violation of 15 U.S.C. § 1692e(1) charging an amount not permitted by law.

32. Plaintiff signed an Addendum to the lease, which was also executed by an authorized agent for the Landlord, agreeing that Creditor/Landlord will not charge the Tenant Liquidated Damages. Attached hereto as **Exhibit B** is the Addendum to the Lease.

33. Defendant's "Liquidated Damages" fee demand is in violation of 15 U.S.C. § 1692f(1) for engaging in deceptive practices, by making a false representation that it was entitled to receive compensation for payments made by phone, or by collecting an amount that was not authorized by contract or permitted by law.

34. In addition, Defendant's additional FEE for "Liquidated damages" is in violation of 15 U.S.C. § 1692e(2)(A), which prohibits debt collectors from making a false representation regarding the character, amount, or legal status of any debt, where Defendant misleadingly informed and added an additional fee labeled as "Liquidated Damages" to the underlying alleged principle, when in fact no such charge is permitted by law.

35. Furthermore, Creditor was not entitled to collect liquidated damages as it is clearly shown in the Addendum to the Lease. **Exhibit B.**

36. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated §§1692(e) and (f) *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## SECOND COUNT
### Violation of 15 U.S.C. §§ 1692e
### False or Misleading Representations

37.   Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "36" herein with the same force and effect as if the same were set forth at length herein.

38.   15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

39.   Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

40.   The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

41.   § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

42.   § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be unlawfully received by any debt collector for the collection of a debt.

43.   Defendant violated § 1692e by making a false representation that it is entitled to receive compensation for payment via "liquidated damages" additional fee.

44.   The "least sophisticated consumer" would likely be deceived by the fee charged as "Liquidated Damages" fee into believing that Defendant was legally entitled to collect the fee.

45.   The "least sophisticated consumer" would likely be deceived by the fee charged as "Liquidated Damages" fee into believing that Creditor was legally entitled to collect the fee.

46.   As shown in the Addendum to the Lease attached hereto as **Exhibit B,** Creditor was not entitled to collect  liquidated damages.

47.   As shown in the Addendum to the Lease attached hereto as **Exhibit B,** no was entitled to

collect  liquidated damages.

48. The least sophisticated consumer would likely be deceived in a material way by the

Defendant's conduct.

49. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its

attempt to collect an alleged debt.

## THIRD COUNT
### Violation of 15 U.S.C. §§ 1692e, *et seq*
### False or Misleading Representations as to the Rights of the Consumer

50. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered

"1" through "49" herein with the same force and effect as if the same were set forth at length

herein.

51. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading

representation or means in connection with the collection of any debt.

52. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not

preclude a claim of falsity or deception based on any non-enumerated practice.

53. Defendant's, October 25, 2016 letter was sent out by the Defendant in order to collect an

alleged debt from the Plaintiff, Alonzo Vasquez, a New York City resident.

54. The letter attached as Exhibit A was sent out and addressed to Plaintiff's New York City

Address.

55. Under N.Y. City Admin. Code § 20-490, it is unlawful for a debt collector

56. The Defendant is not license and provided a false registration number on the letter attached

as exhibit A.

57. The Letter attached as Exhibit A failed to state, as required, its New York City Department

of Consumer Affairs License Number.

58. A search on the NYC DCA License database for license type Debt collection and name

Professional Debt Mediation, fails to turn up any licensed entity by that name.

59. Thereby misleading and falsely stating to the consumer that it was licensed to collect a debt in NYC.

60. Defendant had no right to collect a debt from any New York City resident.

61. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

62. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

63. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

64. The statement in Defendant's October 25, 2016 Letter is false and misleading, in violation of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10).

65. The misrepresentation is material.

66. Defendant could have taken the steps necessary to bring its actions within compliance of the FDCPA, but neglected to do so and failed to adequately review its actions to ensure conformance to the law.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the Sirotkin Varacalli & Hamra, LLP, as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys'

fees and expenses;

(e)      Awarding pre-judgment interest and post-judgment interest; and

(f)      Awarding Plaintiff and the Class such other and further relief as this Court

may deem just and proper.

Dated: March 15, 2017

Respectfully submitted,

By: /s/ Ibrahim Abohamra
Ibrahim Abohamra, Esq. (IA1988)
Sirotkin Varacalli & Hamra, LLP
110 East 59th Street, Suite 3200 New
York, New York 10022 Phone:
(646) 590-0571
*Attorneys for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.


*/s/ Ibrahim Abohamra*
Ibrahim Abohamra, Esq.

Dated: March 15, 2017

1